IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUGUSTIN MELENDEZ-RIVERA, ) <br> Reg. No. 28871-069, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WALTER WOODS, ) <br> ) <br> Respondent. ) | CIVIL ACTION NO. 2:18-CV-173-WHA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Augustin Melendez-Rivera, a federal inmate currently confined at the Maxwell Federal Prison Camp, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus in which he challenges the constitutionality of a disciplinary lodged against him in August of 2017 for possession of a cell phone. Melendez-Rivera seeks expungement of the disciplinary and the return of his good time credits taken as a result of the disciplinary.

On May 31, 2018, the respondent filed a response to the petition in which he asserts that "the Federal Bureau of Prisons (BOP) has determined that it will not defend this disciplinary proceeding. BOP has expunged the disciplinary conviction from the prisoner's records and will restore the good time credits (GTC) he lost." Doc. 11 at 1. The respondent argues that "this habeas petition is now moot because the BOP has afforded the prisoner the relief he seeks." Doc. 11 at 1.

Based on the assertions set forth in the respondent's response, the court entered an order requiring "that on or before June 12, 2018 the petitioner shall show cause why this habeas petition should not be dismissed as he has received the requested relief, which is the only relief appropriate in this action." Doc. 12. The order specifically cautioned the petitioner "that if he fails to file a response to this order the Magistrate Judge will recommend that this case be dismissed as moot." Doc. 12. Melendez-Rivera has failed to file a response within the time provided in the order. The court therefore concludes that this case should be dismissed as moot.

## II.  DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times during the pendency of a case. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested or permitted is injunctive in nature, events which occur subsequent to the filing of the case can render the matter moot. *National Black Police Assoc. v. District of Columbia,* 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." *Al Jajjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). The mootness doctrine derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or

controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings. … [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

"A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000) (internal quotation marks omitted) (citing *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where … interim relief or events have eradicated the effects of the alleged violation."); *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

When actions occur subsequent to the filing of a lawsuit whereby the plaintiff obtains the requested relief, then the case is moot and must be dismissed. *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969). In these instances, dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1227 n.14 ("The question of mootness is … one which a federal court must resolve before it assumes

jurisdiction [over the merits of a case]."). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48, 90 S.Ct. at 201–02.

Melendez-Rivera apparently has received the relief requested from this court; the BOP represents that it has expunged the challenged disciplinary and restored the good time taken. Under the undisputed circumstances of this case, the only relief sought by Melendez-Rivera, and appropriate in this habeas action, is moot. Consequently, this case is due to be dismissed as moot since "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Florida Ass'n of Rehab. Facilities,* 225 F.3d at 1217; *United States ex. rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Melendez-Rivera be DENIED and this case DISMISSED as moot since a more favorable decision on the merits would not entitle him to any additional habeas relief.

On or before **July 5, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 21st day of June, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge